UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Denny Fernandez,

                              Plaintiff,                        **COMPLAINT**

           -against-

                                                             **JURY TRIAL DEMANDED**

The Osborn Senior Living., Miriam Osborn Memorial
Home Association.
                                  Defendant.
------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. **Federal Question Statute:** 29 U.S.C § 2601 et. seq. (Family and Medical Leave Act), The Americans with Disabilities Act ADA and 42 U.S.C. §§2000e-2(a).

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question) or 28 U.S.C. §1332 (Diversity).

1. **Supplemental State Law Statute under 28 U.S.C.** Executive (EXC) Chapter 18, Article 15, NY Exec. Law §296, NYCHRL.

4. **Basis for venue in the Southern District of New York ("SDNY")**: (i) 28 U.S.C. §1391(b)(1)- A Defendant resides in the SDNY, and (ii) 28 U.S.C. §1391(b)(2)- A substantial part of the events or omissions giving rise to the claim occurred in the SDNY.

## THE PARTIES

5. Plaintiff Denny Fernandez ("Fernandez") or ("Ms. Fernandez") resides at 114 Leicester St., Port Chester, NY 10573.

6. Defendant The Osborn Senior Living ("The Osborn") is a New York Corporation located at 101 Theall Rd., Rye, NY 10580, and doing business in the State of New York.

7. Defendant Miriam Osborn Memorial Home Association ("Miriam Osborn Memorial") is a New York Corporation located at 101 Theall Rd., Rye, NY 10580, and doing business in the State of New York.

1

## PLACE OF EMPLOYMENT

8. The address at which Plaintiff Fernandez was employed or sought employment by the defendant(s) is:

    **Street Address**: 101 Theall Rd,
    **City, State, Zip code**: Rye, NY 10580.

## BACKGROUND FACTS

1. The Osborn Senior Living is a well-known senior community that provides independent and assisted living, skilled nursing services, rehabilitation, and home care for seniors in Rye, NY.

2. On information and belief, the Defendant employed more than 50 employees during the year, 2022, 2021, 2020, 2019.

3. Plaintiff Fernandez worked for Defendant from December 12, 2006, until March 23, 2022, as a housekeeping environmental services associate. When hired, Plaintiff Fernandez was in good health and had not been diagnosed with a heart arrhythmia.

4. Defendant paid Plaintiff $18.35 per hour for forty hours of work per week.

5. Plaintiff's job duties included, but were not limited to, cleaning her assigned residential apartments (including bathrooms), cleaning the resident dining halls, and transporting and cleaning linens.

6. Plaintiff Fernandez was an exemplary employee of the Osborne Senior Living Center for more than 15 years.

7. Plaintiff Fernandez worked approximately 40 hours a week year round, exceeding 1,250 hours year in hours worked.

8. Plaintiff Fernandez also worked more than 12 consecutive months for the Defendants preceding her final day of employment.

9. At the beginning of 2019, Plaintiff Fernandez was subject to the wrath of Nellie Granados, a supervisor for Defendant's organization.

10. Ms. Granados committed flagrant and overt violations of both federal and state discrimination laws, resulting in the constructive discharge of Plaintiff Fernandez. Although Plaintiff Fernandez notified Defendant in writing that she was being harassed by Ms. Granados, Defendant failed to act.

11. In a letter dated January 21, 2021, Plaintiff wrote to Defendant's Human Resources department to complain about the extensive workplace harassment she was experiencing. For example, the letter states, *"I have been subject to Workplace Harassment [sic]." I've felt Ms. Granados has abused her authority on several occasions."*

12. On one occasion cited in the letter, Plaintiff was out of work for over three weeks due to excruciating back pain from an injury that occurred outside of work. Ms. Fernandez provided a doctor's note conveying the severity of her injury. Due to a scheduling conflict between Plaintiff and her doctor's office, Ms. Fernandez was unable to get an additional doctor's note in time stating she would be unable to lift heavy objects. Being a responsible employee, Ms. Fernadez went to the facility in person and stated to Ms. Granados she was unable to return to work and do heavy lifting due to her back injury. In response, Ms. Granados stated, *"I don't know what you want me to do, get to your assignments."*

13. The January 21, 2021, letter further conveys that Ms. Granados accused Plaintiff of throwing away bed sheets. When Ms. Granados was interrogating Plaintiff about the missing bed sheets, she stated, *"What I believe happened is that you threw out the linens."* In response, Plaintiff calmly stated she was not on the rotation covering that specific resident, as she was on planned time off. Ms. Granada replied, *"Well maybe you have problems."* Ms. Granada made this statement as she perceived Plaintiff to have mental issues due to the stress of her recent medical conditions.

14. Approximately three months after Ms. Fernandez sent the January 21st letter, she contracted COVID-19, and was out of work for one month. Upon Plaintiff's return to work, Ms. Granados retaliated against Plaintiff by way of an annual job evaluation reflecting a two-point reduction from the previous year's evaluation.

15. Ms. Granados removed assignments from Plaintiff's core duties to make it seem as if Plaintiff was no longer needed for the position.

16. Ms. Granados made comments to Plaintiff making it clear that if she were to take any further medical leave, her job was on the line. These types of comment were par for the course during Plaintiff's tenure at Defendant's facility. For example, since about 2019 Plaintiff had an undiagnosed arrhythmia. In fact, on March 7, 2022, Plaintiff was seen at Defendant's medical facility (located at the Osborne) for a dangerously high heart rate. When Defendant's staff recommended that Plaintiff be taken away in an ambulance, Ms. Granada's stated, *"Why does she need an ambulance? When she came here, she was just fine."*

17. After extensive bouts of tachycardia, shortness of breath, and chest pain, Plaintiff eventually went to the doctors for treatment. After several tests, the Doctor determined Plaintiff was suffering from heart arrhythmia, and she needed a cardiac ablation surgery immediately.

18. On March 9, 2022, Plaintiff approached Dennis Sullivan, the Director of Environmental Services, to address her recent health condition and impending surgery. Instead of entertaining an accommodation or notifying Plaintiff she was entitled to Family Medical Leave, Dennis stated, *"you need to work on your personal issues."*

19. Based on Mr. Sullivan's response, coupled with the retaliatory and discriminatory behavior of Ms. Granados, Plaintiff felt as if her job was on the line. The next day Ms. Fernandez resigned.

## FIRST CAUSE OF ACTION
(Failure to provide Medical Leave)
(29 U.S.C § 2601 et. seq.)

20. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

21. The provisions of 29 U.S.C § 2601 covered the Defendant and protected the Plaintiff.

22. Under §2615, it is unlawful for an employer such as Defendant to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the Family and Medical Leave Act.

23. Specifically, Defendant had a legal duty to notify Plaintiff of her rights and provide her with protected FMLA leave. The FMLA requires Defendant to provide employees with written notice of their FMLA rights and grant them protected leave when they have a serious health condition. Plaintiff required protected FMLA leave to undergo a cardiac ablation, a serious medical procedure. Instead of complying with the FMLA, Defendant failed to do so by making Plaintiff feel like her job was at risk if she indeed took the leave.

24. Then Defendant subjected Plaintiff to an adverse employment action when by violating FMLA rights along with the discriminatory harassment, leading Plaintiff to resign her position with the company. Defendant violated 29 U.S.C §2615 and is liable for lost wages, liquidated damages, and attorney fees.

## SECOND CAUSE OF ACTION
(Retaliation under the FMLA)
(29 CFR § 825.220 et. seq.)

25. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

26. Defendant is "employer" under the Family and Medical Leave Act 29 U.S. Code § 2611 (4)(A)(i).

27. Under §825.220, it is unlawful for an employer such as Defendant to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the Family and Medical Leave Act. §825.220 further states that Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave.

28. Specifically, Defendant had a legal duty to provide Plaintiff with protected FMLA leave. Plaintiff required protected FMLA leave to undergo a cardiac ablation, a serious medical procedure. Instead of complying with the FMLA, Defendant failed to do so by making Plaintiff feel like her job was at risk if she did indeed take the leave.

29. Defendant then subjected Plaintiff to an adverse employment action by violating her FMLA rights, along with the Defendant engaging in discriminatory harassment, leading Plaintiff to resign her position with the company. Defendant violated 29 U.S.C §825.220 and is liable for

lost wages, front pay, emotional distress damages, and attorney fees.

## THIRD CAUSE OF ACTION
(Disability Discrimination)
(42 U.S.C §12101 - Americans with Disabilities Act)

30. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

31. The provisions of 42 U.S.C §12101 covered Defendant and protected Plaintiff.

32. Under §12101, it is unlawful for an employer such as Defendant to discriminate against an individual based on a disability, such as the disability possessed by the Plaintiff.

33. Specifically, Defendant had a legal duty not to discriminate against Plaintiff. Defendant failed to meet this standard by discriminating against Plaintiff based on her Arrhythmia, leading Plaintiff to resign her position with the company.

34. Then Defendant subjected Plaintiff to an adverse employment action when they discriminated against Plaintiff because of her disability, leading Plaintiff to resign her position with the company. Defendant violated 42 U.S.C §12101 and is thus liable for lost wages, front pay, emotional distress damages, and attorney fees.

## FOURTH CAUSE OF ACTION
(Disability Discrimination)
(§ 296 New York State Executive Law)

35. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

36. Defendant is "employer" under § 296 of the New York State Executive Law, Chapter 18 Article 15.

37. Defendant subjected Plaintiff to adverse employment action when they discriminated against Plaintiff because of her disability, consequently leading Plaintiff to resign her position with the company in violation of the NYSHRL.

38. Accordingly, Defendant discriminated against Plaintiff on the basis of her disability in violation of the NYSHRL, causing Plaintiff economic and non-economic damages.

## JURY DEMAND

39. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

i. Directing defendant to pay Plaintiff all economic and non- economic damages afforded to her under the Family and Medical Leave Act, the Americans with Disabilities Act, and the NYSHRL.

ii. Directing the defendant to pay liquidated damages pursuant to the Family and Medical Leave Act equivalent to all lost pay and fringe benefits;

iii. Directing the defendant to pay punitive damages;

iv. Directing defendant to pay prejudgment interest, post-judgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

v. Directing defendant to pay the reasonable attorney fees, costs, and expenses incurred in litigating this, Action.

vi. Any other damages to which Plaintiff may be afforded in law or equity as determined by the Court.

Dated:   White Plains, New York
         January 6, 2023

By: *Jordan El-Hag*
Jordan El-Hag, Esq.
El-Hag & Associates, P.C.
Attorney for Complainant
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com